

**ORDERED in the Southern District of Florida on September 10, 2012.**

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                            CASE NO. 12-22288-BKC-AJC
                                                  Chapter 13
ROSS DANIEL KELSON

    Debtor.
_____/

### MEMORANDUM OPINION AND ORDER DETERMINING THAT SPECIAL ASSESSMENT ADOPTED BY CREDITOR ST TROPEZ IS A PRE-PETITION UNSECURED DEBT AND DENYING STAY RELIEF

THIS CAUSE came before the Court on August 29, 2012, at 2:30 p.m. pursuant to the Court's Order Setting Evidentiary Hearing (the "Order") (DE 39) on St. Tropez Ocean Condominium Association Inc.'s ("St. Tropez") Motion for Relief From the Automatic Stay (the "Motion") (DE 27) and Debtor's Objection thereto (DE 37).  The hearing was scheduled to determine whether the special assessment adopted by St. Tropez on May 17, 2012, and included as unsecured debt on Debtor's Schedules, grants adequate protection grounds for relief from the Automatic Stay.  Alternatively, if the Motion is denied, the parties seek a determination as to

whether the special assessment is properly classified as unsecured debt or if the special assessment should be included in the Debtor's post-petition Chapter 13 Plan payments.  The other matters asserted in the Motion have previously been addressed and satisfied.  The determinative issue before the Court is whether the special assessment became a claim when adopted by St. Tropez on May 17, 2012 (this case was filed May 18, 2012) or if the special assessment became a claim post-petition.

At the hearing, the Court directed each of the parties to submit proposed orders as to their respective positions regarding when the special assessment became a claim against the Debtor.

The Court having reviewed the file and submissions of the parties, and having heard the proffers, representations and argument of counsel, denies the Motion.  The Court concludes that the special assessment is a pre-petition obligation of the Debtor, and stay relief is not warranted.

## BACKGROUND

St. Tropez is a condominium association operating pursuant to Chapter 718, Florida Statutes, and its governing documents including its Declaration of Condominium and By-Laws.[1]  The Debtor is the owner of a condominium unit and is a member of the association.  On March 21, 2012, a Final Judgment of Foreclosure ("Judgment") was entered by the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, in Case No. 09-58697 CA 24 (DE 27, Ex. A), against the Debtor for $40,201.80 for outstanding maintenance payments (DE 26).[2]  As a result, a foreclosure sale was scheduled for May 21, 2012, but was cancelled upon the commencement of this case.

---

[1]Recorded in the Public Records of Miami-Dade County, Florida at Official Records Book 18525, Page 1846.

[2]On August 28, 2012, the Court entered an Order Granting Motion to Determine Secured Status of Lien On Real Property Held by St. Tropez Ocean Condominium Association, Inc. (DE 42) and determined that St Tropez has an allowed secured claim in the amount of $0.00.

The parties agree that on May 17, 2012, the Board of Directors of St. Tropez, at a duly noticed meeting, adopted a special assessment in the total amount of $380,607.10.[3] It is undisputed this assessment was a valid assessment. On May 18, 2012, St. Tropez posted a notice to unit owners of the adoption of the special assessment. The notice included the following payment options:

> You may pay the Special Assessment in full on or before June 15th, 2012, without any interest. Please let us know your payment option on or before June 15th to send your coupons. Special Assessment first payment will start July 1st, 2012.

> If we don't hear from you before June 15th 2012, you will automatically [be] billed for a one-year payment plan.

(DE 39-3). The Debtor's proportionate share of the special assessment is $4,263.80 if paid in full or $4,519.68 if paid in twelve (12) equal monthly installments of $376.64. (DE 39-1). On June 19, 2012, St. Tropez mailed coupons and payment envelopes to unit owners for payment of the special assessment in installments. (DE 39-2).

The Debtor has asserted that the special assessment became a claim against the Debtor when adopted by St. Tropez on May 17, 2012, and therefore the obligation is a pre-petition unsecured debt. St. Tropez asserts that the special assessment was due and payable in installments commencing July 1, 2012, because the Debtor did not pay the discounted full amount prior to said date; and accordingly, St. Tropez argues that the special assessment does not constitute unsecured pre-petition debt, but rather is non-dischargeable pursuant to 11 U.S.C. § 523(a)(16) and must be included as a

---

[3] A special assessments is "any assessment levied against a unit owner other than the assessment required by a budget adopted annually." Fla. Stat. §718.103(24). "Notice of any meeting in which regular or special assessments against unit owners are to be considered for any reason must specifically state that assessments will be considered and provide the nature, estimated cost, and description of the purposes for such assessments." Fla. Stat. §718.112(c)(1). The stated purposes of the special assessment are concrete repair and painting of the building, cash flow (budget) shortage due to foreclosure and non-payment of 2009 special assessment and 2011/2012 budget shortfall. (DE 39-1).

payment obligation in the Debtor's Chapter 13 Plan.

## **LEGAL ANALYSIS**

Pursuant to 11 U.S.C. § 523(a), certain debts, including post-petition condominium assessments, may not be discharged by a debtor.[4]  The debtor argues that the special assessment "became due and payable" upon adoption by St. Tropez on May 17, 2012, before the order for relief was entered in this case.  St. Tropez argues that the special assessment "became due and payable" after the order for relief was entered because the payment terms established by the board of directors require the assessment to be paid in installments commencing July 1, 2012, unless the assessment was paid in full without interest prior to said date.

Chapter 718, Florida Statutes (the "Condominium Act"), grants to condominium associations certain enumerated powers, including the power to make and collect assessments.  Fla. Stat. §718.112(4).  A unit owner is responsible for payment of all assessments which come due while he is the unit owner.  Fla. Stat. §718.116(1)(a).  "Assessments and installments on assessments which are not paid when due bear interest at the rate provided in the declaration, from the due date until paid."  Fla. Stat. § 718.116(3).

The power granted to condominium associations to make assessments also includes the

---

[4]11 U.S.C. § 523(a)  provides, in relevant part:

A discharge ... does not discharge an individual debtor from any debt -
---
(16) for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership ... for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit ... but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case.

4

power to determine when assessments are due.  In *In re Rivera*, 256 B.R. 828, 832 (Bankr. M.D. Fla. 2000), the Court determined that a unit owner's obligation to pay assessments is based on "a covenant running with the land,  a property right."  The Court found that assessments "are a 'debt,' a term within the coverage of the discharge in Bankruptcy Code Section 524. [citations omitted]. Section 101(12) defines 'debt' as 'liability on a claim.'  Section 101(5) defines a 'claim' as: (A) A right to payment ..."*Id.*    The Court further stated:

> Congress intended by the Section 101(5) language to adopt a broad definition of "claim." *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991).  According to *Johnson*, the terminology "right to payment" within the definition of "claim" means nothing more nor less than an enforceable obligation. *Id*. at 83, 111 S.Ct. 2150.

St. Tropez asserts the special assessment is not an enforceable obligation until it is due and payable because if payment of the assessment cannot be enforced, then it is not due.  The Court disagrees. It is not the date of enforcement that controls the claim but when the obligation arises.  Thus, although the board of directors established July 1, 2012 as the date for the first installment of the special assessment, the obligation to pay the assessment arose at the time the board of directors adopted the assessment at the duly noticed meeting, even though St. Tropez may not be able to commence a collection action prior to the date the first installment payment was due.  The due date is not July 1, 2012 but rather when the assessment was adopted.  In fact, members of the association were given the option to pay "on or before June 15th, 2012" and receive a discount for the early payment.  The fact that the board of directors opted to provide the members a longer period of time to pay the obligation does not change the fact that the obligation was established when the assessment was adopted on May 17, 2012, the day prior to the filing of the petition herein.

The Court concludes that the special assessment adopted by St. Tropez on May 17, 2012, was

due and payable on that date and therefore created a pre-petition obligation of the Debtor.  It is

ORDERED AND ADJUDGED that, given St. Tropez's claim for special assessments is a

pre-petition unsecured claim, the Motion for Relief From the Automatic Stay (DE 27) is DENIED.

### 

Robert H. Yaffe, Esq. is directed to serve a copy of this Order immediately on all interested parties and file a certificate of service.